## W. H. Gaines v. The State.

### No. 2777. Decided February 17, 1904.

**1.—Gaming—State's Witness—Agreement Not to Prosecute.**

The county attorney and a witness can not enter into an agreement to bring about violations of the law, and a party who in pursuance of such agreement engages in two or more unlawful games and is prosecuted, can not claim immunity under such agreement.

**2.—Complaint—Information—Name of Defendant.**

Where the complaint charges "Bill" (or W. H.) Gaines and the information alleges that one "W. H. Gaines" violated the law, the complaint is not subject to the criticism that it is in the alternative.

Appeal from the County Court of Palo Pinto. Tried below before Hon. W. E. McConnell.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*H. E. Bradford,* for appellant.—The defendant admitted the act of playing as charged, but alleged as a defense and as ground for dismissal of the prosecution, that such playing was done by him under a pre-arranged agreement between him and the county attorney of Palo Pinto County that defendant should play in said game in order to discover and inform on and testify against the other participants in the game, and should himself not be prosecuted for his part in the transaction. His plea to this effect, and that he had in good faith carried out his part of the agreement, was on motion of the State stricken out, and his evidence in support of the plea was excluded. Bowden v. State, 1 Texas Crim. App., 137; Hardin v. State, 12 Texas Crim. App.,

186; Camron v. State, 32 Texas Crim. Rep., 180; Am. and Eng. Enc. of Law, title "Accomplice."

The complaint must state the name of the accused with certainty, and the information must follow the complaint. Willson's Code Crim. Proc., art. 439, subdiv. 4, and cases collated.

*Howard Martin,* Assistant Attorney-General, for the State.—The State submits that appellant can not defend by virtue of this illegal agreement or contract; that such a contract is against public policy, and is therefore null and void. The county attorney had no right to make the contract, and therefore could not bind the State. If the offense had already been committed, the county attorney can make an agreement with one of the participants to testify, and if the party testifies in pursuance of such agreement, the courts will enforce the contract. But the State submits there is a difference between a contract made with a witness before an offense is committed and one after its commission. Holmes v. State, 20 Texas Crim. App., 509, which seems to be in point; and also Dever v. State, 37 Texas Crim. Rep., 396.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gaming. The State's case was fully made out by the evidence. Appellant relied upon an agreement with the county attorney by which he was to be exonerated from punishment. The facts in this connection show that appellant made an agreement with the county attorney by which he was to induce other parties to engage in gaming, or participate in games with anyone who would play, report them to the county attorney, and be used as a witness for the prosecution in such cases. He further alleges that he engaged in two or more games, and stood ready to testify against these parties, and so informed the county attorney. The county attorney did not see proper to use him but prosecuted him for engaging in the games. His contention is that these relations exempted him from punishment; and he raises the question by special plea, and by charge asked of the court. The question urged is fully presented. Whenever a party is used by the State as a witness in gaming cases, he is released by the statute from punishment in the case in which he testifies or is used, whether that testimony is given before the grand jury, trial court, or examining court. But so far as we are advised this only relates to cases where the offense has been committed and one of the participants is used as a witness. We have found no case, and we are cited to none, which is based upon a previous agreement to engage in violations of the law for the purpose of playing detective, or in bringing about violations of the law in order that he may testify. We do not believe the statute was intended to cover such cases. Nor can an agreement or conspiracy of this sort, entered into between the county attorney and one or more parties, be brought within the terms

of the statute. The law did not contemplate the giving of its sanction, either directly or inferentially, to conspiracies or agreements of this sort. The county attorney and the witness can not enter into agreements to bring about violations of the law, and the witness claim by force of this agreement the benefit of exemption. The county attorney did not see proper to use him as a witness. The county attorney by reason of his official position has no right to induce parties to commit crime; and neither he nor the party engaged in the crime by virtue of this agreement would be exempt from punishment. The officer has no more exemption under such circumstances than the parties to the game. The county attorney might use the witness, under the terms of our statute, and exonerate him; but that does not grow out of the mere fact of the previous agreement. The law does not recognize the right of the county attorney, or other parties, to enter into agreements to bring about violations of the law for the purpose of securing convictions. We know of no authority upon which appellant can predicate the defense set up. Therefore, the court did not err in excluding the evidence, and in refusing to instruct the jury to acquit under these circumstances.

There is another question raised. The complaint charges "Bill (or W. H.) Gaines" with a violation of the law. The information charges that "W. H. Gaines" violated the law. We believe the complaint and information taken together are sufficient, and the complaint is not subject to the criticism that it is in the alternative; that is, one or the other, either Bill or W. H. Gaines. We have been cited no authority so holding. There are such cases where the offense is charged in the alternative, as "carrying on or about his person a pistol." But we have found no case holding this rule applies to the name of the indicted party. The judgment is affirmed.

*Affirmed.*